1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Charles Creasman,                     No. CV-22-01820-PHX-DJH

10              Plaintiff,                  **ORDER**

11   v.

12   Farmers Casualty Insurance Company,

13              Defendant.

14

15           This case concerns Plaintiff's class action efforts[1] to enforce the Uninsured and

16   Underinsured Motorist Coverage policies (the "Policies") issued to him by Defendant.

17   (Doc. 1-3 at 5). After removing this action to federal court, Defendant filed an Expedited

18   Motion to Stay Proceedings (Doc. 16) pending a decision from the Arizona Supreme Court[2]

19   on two certified questions that are related to Plaintiff's breach of insurance contract and

20   bad faith claims under A.R.S. § 20-259.01. (Doc. 16 at 3).  *See Franklin v. CSAA General*

21   *Insurance Company*, No. 2:22-cv-00540-JJT (D. Ariz. Nov. 2, 2022), at Doc. 47. On

22   December 21, 2022, the Court found good cause to vacate and postpone the Scheduling

23   Conference in this matter until the Court could rule on the merits of the Motion, which is

24   _____

25   [1] Plaintiff filed a First Amended Class Action Complaint in Arizona Superior Court
     claiming Defendant breached its insurance contract and acted in bad faith when it failed to
26   "stack" Plaintiffs benefits under the policies. (Doc. 1-3 at 4–25); *see also Charles
     Creasman v. Farmers Casualty Insurance Company f/k/a Metropolitan Casualty Insurance*
27   *Company*, No. CV2022-012824 (Ariz. Super. Ct. Sept. 28, 2022). The action was
     subsequently removed to this Court. (Doc. 1).

28   [2] *See Franklin v. CSAA General Insurance Company*, CV-22-0266-CQ (Ariz.).

1   fully briefed.[3] (Doc. 26).

2       "[T]he power to stay proceedings is incidental to the power inherent in every court

3   to control the disposition of the cases on its docket with economy of time and effort for

4   itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 428, 254 (1936). Courts

5   must weigh the following "competing interests" to determine whether to issue a *Landis*

6   stay: "[1] the possible damage which may result from the granting of a stay, [2] the

7   hardship or inequity which a party may suffer in being required to go forward, and [3] the

8   orderly course of justice measured in terms of the simplifying or complicating of issues,

9   proof, and question of law which could be expected to result from a stay." *Lockyer v.*

10  *Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d

11  265, 268 (9th Cir. 1962). "If there is even a fair possibility that the stay will work damage

12  to someone else, the party seeking the stay" faces a heightened burden and "must make out

13  a clear case of hardship or inequity." *Percy v. United States*, 2016 WL 7187129, *2 (D.

14  Ariz. 2016) (quoting *Lockyer*, 398 F.3d 1109). It is proper to stay proceedings in a case

15  "pending the outcome of the 'lead' case even where the 'lead' case may not be potentially

16  dispositive of the case sought to be stayed" and "even where the 'lead' case may, at most,

17  streamline the issues in the case sought to be stayed." *Equal Emp. Opportunity Comm'n v.*

18  *Bashas', Inc.*, 2012 WL 13104758, at *1 (D. Ariz. Apr. 6, 2012) (recognizing concurrent

19  litigation as a lead case that would "be extremely important to the legal issues before [the]

20  Court").

21      The three competing interests set forth in *Lockyer* weigh in favor of staying the

22  present proceedings. First, Plaintiff's argument that a stay would cause irreparable harm to

23  Defendant's insureds is moot. (Doc. 18 at 5). This concern was resolved when the parties

24  withdrew Plaintiff's Motion for Preliminary Injunction (Doc. 19) by stipulation. (Doc. 23).

25  Defendant agreed it "will not request or enter into a release with an insured on any claim

26  against a Farmers auto policy issued in Arizona for which [Defendant] has paid the per

27  person limits for underinsured or uninsured motorist coverage" while this lawsuit is

28  _____
[3] Plaintiff filed a Response (Doc. 18), and Defendant filed a Reply (Doc. 22).

1
2
3
4
5
6
7
8
9
10
11
12

pending. (*Id*. at 2). Second, absent a stay, the parties would largely proceed to "needlessly devote resources to litigating issues that will be directly impacted by the Arizona Supreme Court's response to the certified questions." (Doc. 22 at 5). This district has recognized such evidence of hardship in the class action setting and found it weighs in favor of a stay. *See Winters v. Loan Depot LLC*, 2020 WL 8254053, at *1–2 (D. Ariz. Oct. 29, 2020) ("Denying the stay would subject Defendant to costs related to class certification briefing, completing expert discovery, briefing dispositive motions, and potentially preparing for trial, all while the [Arizona] Supreme Court considers an issue that could significantly narrow the case."). The Court finds merit, however, in Plaintiff's position that resolution of Defendant's pending Motion to Dismiss does not turn on the Arizona Supreme Court's resolution of the stacking issue under A.R.S. § 20-259.01.[4] (Doc. 18 at 6, 9). Nor is it clear to the Court that resolution of the stacking issues will dispose of the entire case.

13
14
15
16
17
18
19
20
21
22
23
24

Finally, a stay would promote the orderly course of justice. Certain claims in Plaintiff's First Amended Class Action Complaint rely on the implications of A.R.S. § 20-259.01. Thus, it is in the interest of judicial economy to wait until the Arizona Supreme Court clarifies this area of the law as it would avoid the use of resources on discovery and potentially fruitless motions. *See Berrow v. Navient Sols. LLC*, 2020 WL 8267706, at *2–3 (D. Ariz. Dec. 17, 2020). Plaintiff argues that the fact the Arizona Supreme Court has not yet accepted jurisdiction over the certified questions gives "no reason to stay this case." (Doc. 18 at 7). The Court disagrees. Instead, "the same rationale for staying a case while waiting for the Arizona Supreme Court's ultimate decision on a certified question applies to the preliminary decision whether to accept the certified question." *Bode v. Travelers*, No. CV-22-01847-PHX-DWL (D. Ariz. Dec. 16, 2022), at Doc. 17 (citing *Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 923 (9th Cir. 2009)).

25
26
27
28

Here, *Franklin* constitutes a "lead" case for numerous cases in the District of

---

[4] In its Motion to Dismiss, Defendant argues this case should be dismissed because (1) Plaintiff's breach of contract claim is barred by the applicable statute of limitations, which would require dismissal of the declaratory judgment claim; and (2) Plaintiff's First Amended Class Action Complaint fails to state sufficient facts to support a bad faith claim. (Doc. 10 at 2).

Arizona raising similar issues under A.R.S. § 20-259.01. *See Equal Emp. Opportunity Comm'n*, 2012 WL 13104758, at *1. As noted in the parties' Joint Case Management Report, many of these cases have been stayed pending the resolution of the certification request in *Franklin*.[5] (Doc. 25 at 5–8). Thus, Court will stay proceedings in the present matter because it relates to the certified questions and resolution of these questions could similarly narrow the issues raised in Plaintiff's First Amended Class Action Complaint.

However, because the Court agrees with Plaintiff that resolution of Defendant's pending Motion to Dismiss does not turn on the Arizona Supreme Court's resolution of the stacking issue under A.R.S. § 20-259.01. the Court will rule on the Motion in due course.

Accordingly,

**IT IS ORDERED** that Defendant's Expedited Motion to Stay Proceedings (Doc. 16) is **GRANTED** in part. This matter is stayed as it relates to the Arizona Supreme Court's ultimate disposition on the district court's request to accept and decide the certified questions proposed in *Franklin v. CSAA General Insurance Company*, No. 2:22-cv-00540-JJT (D. Ariz. Nov. 2, 2022). The Court will rule on Defendant's Motion to Dismiss (Doc. 10), however, in due course.

**IT IS FURTHER ORDERED** the parties must file a joint notice of decision within **five (5) days** of the Arizona Supreme Court's decision.

Dated this 23rd day of December, 2022.

Honorable Diane J. Humetewa
United States District Judge

---

[5] *See Franklin v. CSAA Gen. Ins. Co.*, No. CV-22-00540-PHX-JJT (D. Ariz.); *see also Doyle v. Pekin Ins. Co.*, No. CV-22-00638-PHX-JJT (D. Ariz.) *see also Miller v. Trumbull Ins. Co.*, No. CV-22-01545-PHX-JJT (D. Ariz.); *see also Dale v. Travelers Prop. Cas. Ins. Co.*, No. 2:22-CV-1659-PHX-JZB (D. Ariz.); *Bode v. Travelers Prop. Casualty Ins. Co.*, No. 2:22-CV-01847-PHX-DWL (D. Ariz.); *see also Muehlhausen, et al. v. Allstate Fire & Cas. Ins. Co*., No. 2:22-cv-01747-PHX-JAT (D. Ariz.).

- 4 -